UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>JOHN TITTELBACH,<br><br>        Petitioner<br><br>    v.<br><br>TIMOTHY BUDZ, Facility Director,<br>Joliet Department of Human Services,<br><br>        Respondent. | Case No. 05 C 0249<br><br>Judge Joan B. Gottschall |

## MEMORANDUM OPINION AND ORDER

Petitioner John Tittelbach ("Tittelbach")[1] was civilly committed following a bench trial in the Circuit Court of DuPage County as being a sexually violent person under the Sexually Violent Persons Commitment Act ("SVPCA"). Tittelbach is currently committed to the Joliet Treatment and Detention Facility of the Department of Human Services. Before this court is Tittelbach's petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition is denied.

**I. Background**

Tittelbach was convicted in 1997 of criminal sexual assault stemming from his alleged sexual abuse of the daughter of the woman with whom he was living. Tittelbach was sentenced to four years' imprisonment. He became eligible for release in May 1999, but prior to his release, the state filed a petition alleging that Tittelbach is a sexually violent person under the

---

[1]The court notes that there is a discrepancy in the correct spelling of petitioner's name. In his petition, he spells his name "Tittelbach," but the proceedings before the state court spell his name "Tittlebach." For the purpose of the instant case, the court assumes that Tittelbach is the correct spelling.

1

SVPCA and sought to have him civilly committed. After a hearing in which the court heard testimony from the victim, two state experts, and one defense expert, the court found that Tittelbach was a sexually violent person and ordered him committed to a secure facility.

On August 17, 2001, the Illinois appellate court affirmed Tittelbach's commitment under the SVPCA, and on February 6, 2002, the Illinois Supreme Court denied Tittelbach's petition for leave to appeal. Subsequently, Tittelbach filed a petition for post-conviction relief and a state habeas petition. On March 31, 2004, the appellate court denied both petitions, and on September 13, 2004, the Illinois Supreme Court denied Tittelbach's petition for leave to appeal.

## II. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[2] a habeas petitioner is not entitled to a writ of habeas corpus unless the challenged state court decision is either "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Williams v. Taylor,* 529 U.S. 362, 404-05 (2000). A state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams,* 529 U.S. at 404. To show that the state court decision involved an "unreasonable application" of clearly established federal law, a habeas petitioner must establish that the state court unreasonably applied the controlling legal rule to the facts of the case. *Id.* at

---

[2]AEDPA applies to this case because the petition was filed in 2005, well after AEDPA's effective date.

2

407. Further, the state court's application of Supreme Court precedent must be more than incorrect or erroneous; it must be "objectively" unreasonable. *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003); *Hardaway v. Young,* 302 F.3d 757, 762 (7th Cir. 2002) (state court decision must lie "well outside the boundaries of permissible differences of opinion"); *see also Rice v. McCann,* 339 F.3d 546, 548 (7th Cir. 2003) (state court application of federal law is reasonable if state decision is at least minimally consistent with facts and circumstances of case).

Further, to avoid a holding of procedural default for habeas claims, a petitioner must have "fully and fairly presented his claims to the state appellate courts, thus giving the state courts a meaningful opportunity to consider the substance of the claims that he later presents in his federal challenge." *Bintz v. Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005) (citing *Harris v. McAdory,* 334 F.3d 665, 668 (7th Cir. 2003)). For a constitutional claim to be fairly presented, "the petitioner must present both the operative facts and legal principles that control each of his claims." *Id.* (citing *Rittenhouse v. Battles,* 263 F.3d 689, 695-96 (7th Cir. 2001)). To determine whether a claim has been fairly presented, courts look to the following factors: "(1) whether the petitioner relied on federal cases that engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation." *Perruquet v. Briley*, 390 F.3d 505, 519-20 (7th Cir. 2004) (quoting *Sweeney v. Carter,* 361 F.3d 327, 332 (7th Cir. 2004)). The presence of any of these factors is not determinative. *Id.* at 520. Instead the court must determine "in concrete, practical terms, whether the state court was sufficiently alerted to the federal constitutional nature of the issue to

3

permit it to resolve that issue on a federal basis." *Rittenhouse*, 263 F.3d at 696 (quoting *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001)).

Even if the petitioner has raised all of his habeas claims in state court, this court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991). This doctrine bars "federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Id.* at 729-30.

Where a petitioner has procedurally defaulted, this court may review the underlying claims only if the habeas petition "shows cause for failure to raise them at the appropriate time and actual prejudice which resulted from such failure." *Rodriguez v. Scillia,* 193 F.3d 913, 917 (7th Cir. 1999) (citing *Wainwright v. Sykes,* 433 U.S. 72, 91 (1977)). Absent this showing, "a defaulted claim is reviewable only if refusal to consider it would result in a 'fundamental miscarriage of justice,' that is, where 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id.* (citing *Murray v. Carrier,* 477 U.S. 478, 495-96 (1986)). This would require a petitioner "to show that it is more likely than not that no reasonable juror would have convicted him." *Id.* (citing *Schlup v. Delo,* 513 U.S. 298, 329 (1995)); *see also Buelow v. Dickey,* 847 F.2d 420, 427 (7th Cir. 1988) (holding that court "may set aside the cause-and-prejudice test and permit a habeas petition if, due to a fundamentally unjust trial, an innocent defendant was convicted").

### III.  Tittelbach's Grounds for Relief

Tittelbach was civilly committed under the SVPCA. Under that Act, a "sexually violent

4

person" is:

> a person who has been convicted of a sexually violent offense, has been adjudicated delinquent for a sexually violent offense, or has been found not guilty of a sexually violent offense by reason of insanity and who is dangerous because he or she suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence.

725 ILCS 207/5(f). A "mental disorder" is "a congenital or acquired condition affecting the emotional or volitional capacity that predisposes a person to engage in acts of sexual violence." 725 ILCS 207/5(b). To institute proceedings under the SVPCA, the Attorney General or State's Attorney can file a petition alleging that the person was convicted of, or found not guilty by reason of insanity of, a sexually violent offense, the person has a mental disorder, and the mental disorder "creates a substantial probability that he or she will engage in acts of sexual violence." 725 ILCS 207/15. Proceedings under the SVPCA are civil, not criminal, and the person subject to the petition is afforded procedural due process rights, such as the right to be represented by counsel, the right to remain silent, and the right to present and cross-examine witnesses. 725 ILCS 207/20, 207/25. Ultimately, the state must prove the allegations in the petition beyond a reasonable doubt for a person to be adjudged a sexually violent person subject to commitment under the SVPCA. 725 ILCS 207/35.

Tittelbach's petition for a writ of habeas corpus under 28 U.S.C. § 2254 presents one ground for relief:[3]

---

[3] Tittelbach's habeas petition also presented a due process challenge. According to Tittelbach, the Act requires that probable cause be found within ten days of a detention order, but in his case, probable cause was not found until more than ten days had passed.

After conducting an examination of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the court summarily dismissed this ground as lacking merit. Tittelbach filed a Memorandum in Support of Motion to Alter or Amend Order of the Court, asking the court to reconsider its dismissal of his due process ground. After reviewing

5

> The Illinois Sexually Violent Person Commitment Act violates the Equal Protection Clauses of the Federal and State Constitutions because the Sexually Dangerous Persons Act requires a specific finding of fact of difficulty controlling sexual behavior, pursuant to *Kansas v. Crane*, 534 U.S. 407, whereas, the Sexually Violent Act does not require such a finding in authorizing indefinite commitment of the Petitioner.

Section 2254 Habeas Petition, at 5.

As discussed below, implicit in Tittelbach's equal protection claim is the claim that he raised before the courts below, namely, that his due process rights were violated because the SVPCA does not require a specific finding of difficulty controlling sexual behavior. Therefore, the court will address both arguments.

A. <u>Equal Protection</u>

Tittelbach argues that the SVPCA violates the equal protection clause of the Fourteenth Amendment because those committed under the SVPCA are treated differently from those committed under the Sexually Dangerous Persons Act ("SDPA").[4] The state argues that Tittelbach did not fairly present his equal protection claim to the state courts, and he has procedurally defaulted this claim. After reviewing Tittelbach's submissions to the Illinois appellate court and Illinois Supreme Court, this court agrees that Tittelbach never fairly presented an equal protection claim before the state courts on either his direct appeal or on

---

petitioner's motion, the court concludes that its dismissal was sound, and petitioner's motion to alter or amend is denied.

[4]Under the SDPA, "sexually dangerous persons" are: [a]ll persons suffering from a mental disorder, which mental disorder has existed for a period of not less than one year, immediately prior to the filing of the petition hereinafter provided for, coupled with criminal propensities to the commission of sex offenses, and who have demonstrated propensities toward acts of sexual assault or acts of sexual molestation of children. 725 ILCS 205/1.01. Thus, unlike persons committed under the SVPCA, persons committed under the SDPA have not been convicted of, or found not guilty by reason of insanity of, a sexually violent offense.

collateral attack. Tittelbach raised a federal constitutional claim before the state courts. The claim presented to the state courts, however, alleged that Tittelbach's due process rights were violated because the trial judge did not make a specific finding that he had serious difficulty controlling his behavior. On direct appeal in his motion for leave to file a supplemental issue, Tittelbach argued that the SVPCA is unconstitutional because the Act allows a person to be committed even where "a finding of uncontrollable dangerousness" has not been made. Motion for Leave to File a Supplemental Issue, at 5, Ex. D to Respondent's Answer. As part of this argument, Tittelbach argued that the SVPCA is constitutionally deficient because it allows a finding that a person is sexually violent when that person has a "condition affecting the *emotional or volitional* capacity that predisposes a person to engage in acts of sexual violence." 725 ILCS 207/5(b) (emphasis added). Only a mental impairment affecting volitional capacity, Tittelbach argued, is sufficient for a finding that a person cannot control his behavior. Motion for Leave to File a Supplemental Issue, at 5, Ex. D to Respondent's Answer. After the Illinois appellate court rejected this argument and affirmed his commitment, *In re Tittlebach*, No. 2-99-1266 (Ill. App. Ct. Aug. 17, 2001), Tittelbach raised the same argument in his petition for leave to appeal to the Illinois Supreme Court. Petition for Leave to Appeal, at 18, Ex. F to Respondent's Answer.

In his petition for post-conviction relief and his petition for state habeas corpus, Tittelbach argued that the judge did not make a specific finding that he has a mental disorder that results in serious difficulty controlling his sexual behavior. Post-Conviction Appeal Brief, at 6, Ex. H to Respondent's Answer; State Habeas Appeal Brief, at 8, Ex. J to Respondent's Answer. After these petitions were denied by the Illinois appellate court, Tittelbach included the same

7

argument in his petition for leave to appeal to the Illinois Supreme Court. Petition for Leave to Appeal, at 6, Ex. M to Respondent's Answer. Tittelbach clearly presented federal constitutional claims before the Illinois state courts. However, the due process claims challenging the constitutionality of the SVPCA presented to the state courts are too far removed from the equal protection challenge brought in Tittelbach's Section 2254 petition to have given the state court a meaningful opportunity to rule on this case as an equal protection challenge.

In his response to the state's answer, Tittelbach argues that his equal protection challenge was implicit in his due process challenge before the state courts. The court disagrees. While Tittelbach's state court submissions indicated that he was challenging the constitutionality of the SVPCA, nothing in his submissions would have alerted the state courts to his argument that different treatment under the Sexually Dangerous Persons Act ("SDPA") constitutes an equal protection violation. Thus, the state courts had no opportunity to review the SDPA or Tittelbach's equal protection challenge. Since Tittelbach did not fairly present his equal protection challenge to the state courts, this claim is procedurally defaulted. Tittelbach has not presented any argument to overcome this procedural default, and thus the court cannot reach the merits of this claim.[5]

B. Due Process

Tittelbach does not explicitly raise a due process claim in his habeas petition. Because Tittelbach filed his habeas corpus petition *pro se,* the court must construe the allegations in his

---

[5]The court notes that even if this claim was not procedurally defaulted, it would not be a basis for habeas relief because in *Varner v. Monohan*, _ F.3d _, 2006 WL 238456, at *3-4 (7th Cir. Aug. 18, 2006), the Seventh Circuit rejected an equal protection challenge to the SVPCA on the merits.

petition liberally. *Escamilla v. Walls*, No. 00 C 3270, 2004 WL 1718657, at *2 (N.D. Ill. July 30, 2004) (citing *Calhoun v. DeTella,* 319 F.3d 936, 943 (7th Cir. 2003)). In his equal protection claim, Tittelbach argues that the SDPA "requires a specific finding of fact of difficulty controlling sexual behavior, pursuant to *Kansas v. Crane*, 534 U.S. 407 (2002), whereas, the [SVPCA] does not require such a finding in authorizing indefinite commitment of the Petitioner." Implicit in this is a claim that the SVPCA does not satisfy the constitutional requirements for civil commitment set forth in *Kansas v. Crane*, 534 U.S. 407 (2002).[6] Because Tittelbach cited *Crane* in his present habeas petition, the court will review the due process arguments that Tittelbach presented to the state courts following his civil commitment. In understanding his arguments, a review of *Crane* and the subsequent cases involving the SVPCA is instructive.

In *Crane*, the Supreme Court reviewed the constitutionality of the Kansas Sexually Violent Predator Act. *Id.* at 408. The Court had previously held that the Kansas Act was constitutional in *Kansas v. Hendricks*, 521 U.S. 346 (1997). Subsequently, the Kansas Supreme Court interpreted *Hendricks* as requiring "a finding that the defendant cannot control his dangerous behavior." *Crane*, 534 U.S. at 411 (quoting *In re Crane*, 269 Kan. 578, 586 (2000)). The Supreme Court vacated the Kansas Supreme Court's decision, and held that *Hendricks* did not require a complete lack of control. *Id.* at 411-12. Rather, the Court held that "proof of serious difficulty in controlling behavior" is required for civil commitment. *Id.* at 413.

---

[6]On direct appeal, the Illinois Supreme Court denied Tittelbach's petition for leave to appeal on February 6, 2002. *Crane* was issued on January 22, 2002. Because *Crane* was issued before Tittelbach's commitment became final, the court need not consider whether *Crane* applies retroactively.

Additionally, the Court declined to decide whether civil commitment based solely on an emotional, as opposed to a volitional, abnormality would be constitutional. *Id.* at 415.

Shortly thereafter, the Supreme Court vacated an Illinois Supreme Court decision under the SVPCA and remanded for reconsideration in light of *Crane*. *Varner v. Illinois*, 537 U.S. 802 (2002). On remand, the Illinois Supreme Court held that the SVPCA is constitutional. *In re Varner*, 207 Ill.2d 425 (2003). Varner argued that his commitment was unconstitutional because the jury did not make a specific finding that "he lacked volitional control over his sexually violent criminal behavior." *Id.* at 428, 432. The Illinois Supreme Court held that *Crane* does not require "a specific determination by the fact finder in every case that a person lacks volitional control." *Id.* The court reasoned that no specific determination was required because there was no specific lack-of-control determination in *Hendricks*, and the Supreme Court upheld *Hendricks* in *Crane*. *Id.* The court held that the SVPCA includes definitions that satisfy the requirements of *Crane*, and as long as the fact finder is instructed as to those definitions, no specific finding need be made. *Id.* at 433.

Varner then filed a Section 2254 habeas petition in federal court, arguing that the Illinois Supreme Court improperly interpreted *Crane*. *Varner v. Budz*, 361 F. Supp. 2d 762, 765 (N.D. Ill. 2005). The court reviewed Varner's claim that *Crane* requires a separate finding of difficulty of control. *Id.* at 766. Applying the standards of AEDPA, the court found that the Illinois Supreme Court's decision was not contrary to *Crane*. *Id.* ("Though the Supreme Court ruled in *Crane* that the state must present sufficient evidence of difficulty in controlling behavior to distinguish a sexually violent person from a typical recidivist, it did not conclude that such a finding had to be made separately from the findings of dangerousness and mental illness."). The

10

court also noted that the Illinois Supreme Court's decision was consistent with the majority of state courts considering *Crane*'s effect on state civil commitment acts. *Id.* (collecting cases). The court concluded that the Illinois Supreme Court did not unreasonably apply *Crane* because "it was not objectively unreasonable for the Illinois Supreme Court to uphold Varner's commitment and conclude that a separate determination of lack of control was not mandated by *Crane*." *Id.* at 768. On appeal, the Seventh Circuit affirmed the district court's denial of Varner's habeas petition. *Varner v. Monohan*, _ F.3d _, 2006 WL 238456, at *2-3 (7th Cir. Aug. 18, 2006).

In this case, Tittelbach presented two arguments before the Illinois state courts challenging the SVPCA: (1) the Act is unconstitutional because it allows the state to commit a person whose condition affects only emotional and not volitional capacity and (2) Tittelbach's commitment was unconstitutional because the judge did not make a specific finding that he has serious difficulty controlling his behavior.

### 1. Volitional or Emotional Capacity

On direct appeal, Tittelbach argued that the SVPCA is constitutionally deficient because it allows a finding that a person is sexually violent when that person has a "condition affecting the *emotional or volitional* capacity" when only a finding that a person has a mental impairment affecting volitional capacity is constitutionally sufficient. Motion for Leave to File a Supplemental Issue, at 5, Ex. D to Respondent's Answer. The Illinois appellate court rejected this argument. Because the appellate court issued its decision prior to *Crane*, it based its decision on *Hendricks*, which upheld the Kansas Act, and the fact that the Illinois SVPCA is similar to the Kansas Act. *In re Tittelbach*, 324 Ill. App. 3d 6, 13-14 (2d Dist. 2001).

11

This decision is not contrary to or an unreasonable application of *Crane* because the Supreme Court in *Crane* expressly declined to decide this issue. *Crane*, 534 U.S. at 415 ("The Court in *Hendricks* had no occasion to consider whether confinement based solely on 'emotional' abnormality would be constitutional, and we likewise have no occasion to do so in the present case."). Since the Supreme Court has not yet ruled on this issue, it cannot form the basis for granting habeas relief because AEDPA constrains the universe of controlling case law on which this court can rely in determining whether to grant habeas to a state prisoner to decisions of the Supreme Court. *Williams*, 529 U.S. at 381 (stating that, if the Supreme Court "has not broken sufficient legal ground to establish an asked-for constitutional principle, the lower federal courts cannot themselves establish such a principle with clarity sufficient to satisfy the AEDPA bar"). Therefore, the court must reject this ground for habeas relief.

## 2. *Specific Finding of Serious Difficulty Controlling Behavior*

In his petition for post-conviction relief and his petition for state habeas corpus, Tittelbach argued that the judge did not make a specific finding that he has a mental disorder that results in serious difficulty controlling his sexual behavior. Post-Conviction Appeal Brief, at 6, Ex. H to Respondent's Answer; State Habeas Appeal Brief, at 8, Ex. J to Respondent's Answer. As to his petition for post-conviction relief, the Illinois appellate court held that a post-conviction petition is not available to challenge a civil commitment. *Tittlebach v. Budz*, No.99 MR 285, slip op., at 2 (Ill. App. Ct. Mar. 31, 2004), Ex. L to Respondent's Answer. The Illinois appellate court also noted that, even if it reached the merits of the claim, it was bound by the Illinois Supreme Court's decision in *Varner* rejecting the same argument. *Id.* at 3. The appellate court stated that state habeas is also not available to challenge civil commitment, but that under

the Habeas Corpus Act, "the failure to seek the correct remedy is not fatal." *Id.* The court rejected Tittelbach's constitutional claim in his state habeas petition for the same reason it rejected the identical claim in his petition for post-conviction relief: the Illinois Supreme Court rejected the claim in *Varner*. *Id.*

It is unclear whether the state rejected Tittelbach's constitutional argument on an adequate and independent state law ground. *Coleman v. Thompson,* 501 U.S. 722, 729 (1991) (On habeas, the court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."). The court held that Tittelbach could not bring a petition for post-conviction relief to challenge his civil commitment. The court also held that a state habeas petition was not available but then stated that "the failure to seek the correct remedy is not fatal." The court went on to address the merits of both claims raised in Tittelbach's state habeas petition. It appears that the appellate court did not rely on the unavailability of a state habeas petition to reject Tittelbach's claims, and the unavailability of a state habeas petition was not "adequate to support the judgment."

Nevertheless, the court rejects this claim on the merits. The Illinois Supreme Court has held that *Crane* does not require the fact finder to make a specific lack of control finding. *Varner*, 207 Ill.2d at 432. The Seventh Circuit affirmed the denial of Varner's habeas petition on this ground. *Varner*, _ F.3d _, 2006 WL 238456, at *2-3. The Seventh Circuit held that the SVCPA did not use "the precise language that the Court did in *Crane*, but the Constitution is about substance rather than verbiage. Once a jury has found mental illness and a likelihood of future offenses, it has drawn the line the Court thought essential." *Id.* at *2.

13

In this case, the Illinois appellate court's decision, in which it relied on the Illinois Supreme Court's decision in *Varner*, was not contrary to, or an unreasonable application of clearly established federal law. The SVPCA requires that the fact finder find beyond a reasonable doubt that the person is a "sexually violent person." In order to find that a person is a sexually violent person, the fact finder must find that the person "is dangerous because he or she suffers from a mental disorder that makes it *substantially probable* that the person will engage in acts of sexual violence." 725 ILCS 207/5(f) (emphasis added). A "mental disorder" is "a congenital or acquired condition affecting the emotional or volitional capacity that predisposes a person to engage in acts of sexual violence." 725 ILCS 207/5(b). Therefore, implicit in any finding that a person is a sexually violent person under the SVPCA is a finding that the person has a "mental illness and a likelihood of future offenses" which the Seventh Circuit has found sufficient to satisfy the requirements of *Crane*.

In this case, Tittelbach was committed following a bench trial. The judge found Tittelbach "to be a sexually violent person pursuant to the Commitment Act." Direct Appeal Brief, at 24, Ex. A to Respondent's Answer. As discussed above, based on the definitions in the SVPCA, the judge's finding that Tittelbach was a sexually violent person necessarily included a finding that he had a mental disorder and a likelihood of committing future offenses.

The instant case has the added wrinkle not present in *Varner* that Tittelbach was committed following a bench trial. There are thus no jury instructions to which this court can look to make sure that the finder of fact applied *Crane's* constitutional requirements for civil commitment: proof of serious difficulty controlling behavior. Rather, the trial judge conclusorily found that Tittelbach was "a sexually violent person pursuant to the Commitment Act."

14

Nevertheless, because the Seventh Circuit has held that *Crane* does not require a separate explicit finding of difficulty controlling behavior, the appellate court's decision rejecting that argument was not contrary to, or an unreasonable application of, *Crane*, and this court accordingly rejects this ground for habeas relief.

**IV.     Conclusion**

For the foregoing reasons, Tittelbach's petition for a writ of habeas corpus under Section 2254 is denied.

ENTER:

_____/s/_____
Joan B. Gottschall
United States District Judge

Dated: August 31, 2006